IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA

RAYDREKOS SATCHER #185874 )
Full name and prison number )
of plaintiff(s) )
 )
v. )
 )
SHERIFF D.T. MARSHALL )
 )
DEPUTY SHERIFF DERRICK CUNNINGHAM )
 )
MONTGOMERY COUNTY COMMISSION )
 )
MONTGOMERY COUNTY MEDICAL STAFF )
 )
ET. AL, )
Name of person(s) who violated )
your constitutional rights. )
(List the names of all the )
persons.) )

RECEIVED

2006 OCT 23 A 10:03

CIVIL ACTION NO. 2:06CV957-MEF
(To be supplied by Clerk of
U.S. District Court)

I. PREVIOUS LAWSUITS
   A. Have you begun other lawsuits in state or federal court dealing with the same or similar facts involved in this action? YES ( ) NO (✓)

   B. Have you begun other lawsuits in state or federal court relating to your imprisonment? YES ( ) NO (✓)

   C. If your answer to A or B is yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

      1. Parties to this previous lawsuit:

         Plaintiff(s) _____N/A_____

         Defendant(s) _____N/A_____

      2. Court (if federal court, name the district; if state court, name the county) _____N/A_____

3. Docket number ___N/A___

4. Name of judge to whom case was assigned ___N/A___

5. Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?) ___N/A___

6. Approximate date of filing lawsuit ___N/A___

7. Approximate date of disposition ___N/A___

II. PLACE OF PRESENT CONFINEMENT ___Kilby Correctional Facility___

PLACE OF INSTITUTION WHERE INCIDENT OCCURRED ___Montgomery County Detention Facility___

III. NAME AND ADDRESS OF INDIVIDUAL(S) YOU ALLEGE VIOLATED YOUR CONSTITUTIONAL RIGHTS.

| # | NAME | ADDRESS |
|---|------|---------|
| 1. | Sheriff David T. Marshall | P.O. Box 4219 Montgomery, AL. 36103-4219 |
| 2. | Deputy Sheriff Derrick Cunningham | P.O. Box 4219 Montgomery, AL. 36103-4219 |
| 3. | Montgomery County Detention Facility | P.O. Box 4219 Montgomery, AL. 36103-4219 |
| 4. | Montgomery County Commission | P.O. Box 4219 Montgomery, AL. 36103-4219 |
| 5. | Montgomery County Medical Staff | P.O. Box 4219 Montgomery, AL. 36103-4219 |
| 6. | | |

IV. THE DATE UPON WHICH SAID VIOLATION OCCURRED ___September 10, 2006___

V. STATE BRIEFLY THE GROUNDS ON WHICH YOU BASE YOUR ALLEGATION THAT YOUR CONSTITUTIONAL RIGHTS ARE BEING VIOLATED:

GROUND ONE: ___See Attached Ground___

2

STATE BRIEFLY THE FACTS WHICH SUPPORT THIS GROUND. (State as best you can the time, place and manner and person involved.)

_____

_____

_____

_____

_____

GROUND TWO: _____SEE ATTACHED GROUND_____

_____

SUPPORTING FACTS: _____

_____

_____

_____

_____

_____

GROUND THREE: _____

_____

SUPPORTING FACTS: _____

_____

_____

_____

_____

_____

3

VI. STATE BRIEFLY EXACTLY WHAT YOU WANT THE COURT TO DO FOR YOU. MAKE NO LEGAL ARGUMENT. CITE NO CASES OR STATUTES.

PLAINTIFF WANT THIS COURT TO HAVE NAME INDIVIDUAL IN THEIR OFFICIAL CAPACITY TO PAY THE SUM OF $500,000.00 DOLLARS, TO HAVE MONTHLY SECURITY INSPECTIONS TO PREVENT INCIDENTS AS MINE, AS WELL MENTAL ELEVATIONS FOR INMATES

_Raydrikous Satcher_
Signature of plaintiff(s)

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED on _October 9, 06_
(Date)

_Raydrikous Satcher_
Signature of plaintiff(s)

4

## Statement of Case

On September 6, 2006 I Raydrekus Satcher [herein after Plaintiff] along with Calvin Mays, Jr. were transfered from Kilby Correctional Facility P.O. Box 150 Mt. Meigs, Alabama 36057, to Montgomery County Detention Facility P.O. Box 4599 Montgomery, Alabama 36103 for court. Plaintiff were schedule for a September 7", 2006 Hearing before Judge Charles Price.

After being process in Montgomery Detention Facility Plaintiff and Calvin Mays were escorted by officer of Montgomery Detention Facility to their cells for court. Plaintiff did not go to court on September 7, 2006, for reasons unknown to Plaintiff. October 10, 2006 Plaintiff and a Pre-Trial County Jail Inmate got into a fight, A Code Blue was called to 3North 30 where this occured. Plaintiff was assigned to the (3rd) Third Floor (3D G6). After officers arrived in the cell, Plaintiff was taken to the Nurses station in Montgomery Detention Facility, Plaintiff recieved no medical attention. Remanding bleeding from his mouth do to this fight. Without recieving any medical attention from the Nurses of Montgomery Detention. The Nurse contacted Sgt. Perry Woods at Kilby Correctional Facility. Plaintiff then was transferen back to Kilby Correctional Facility.

Upon Plaintiff returning to Kilby and recieving medical attention he was then transferen to Baptist South Medical Center, where he recieved Five (5) stitches inside and out side his mouth on the lower lip leftside.

Plaintiff submits the following in support of his Complaint.

1

1.  Failure To Protect From Assault

Plaintiff is a state inmate in the Alabama Department of Corrections [herein after D.O.C.], placed in the custody of D.T. Marshall Sheriff of Montgomery County Detention Facility [herein after Jail].

In assigning Plaintiff a cell where other D.O.C. inmates were assigned. Plaintiff was assign to a cell with a high risk of violence and faced the risk of violence, for reasons that are unknown to Plaintiff. Several days later September 10, 06 an altercation between Plaintiff and a "Jail" inmate became physical, in which Plaintiff suffered a busted lip and recieved several stitches inside and outside his mouth.

Plaintiff is peraminent party inmate at Kilby Correctional Facility at a relatively safe, well-managed prison and able to walk outside on the prison yard, in which jail inmates recieved no outside air constantly inside a cell. The assault of one inmate by another violated the constitution even though the inmate inflicted the injury is not an inmate of the D.O.C. See Helling v. McKinney 509 U.S. 25; 113 S.Ct. 2475, 2480, 125 L.Ed.2d. 22 (1993) In Hendricks v. Coughlin 942 F.2d. 109 (2d Cir. 1991) Holding that there is a constitutional right to be protected from violence by other inmates. Prisons officials have a duty under the 8th and 14th Amendments to protect prisoners from violence at the hands of other prisoners. See Gates v. Collier, 501 F.2d. 1291, 1309 (5th Cir.) 1974); Accord, Little v. Walker 552 F.2d. 193, 197-98 (7th Cir.); McCray v. Sullivan, 509 F.2d 1332, 1334 (5th Cir) 423 U.S. 859, 96 S.Ct. 114, 46 L.Ed.2d. 86 (1975).

("Where prison officials have failed to control or separate prisoners... who endanger the physical safety of other prisoners, prison officials may be required to take steps to protect the prison population"); cf. Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976)

Plaintiff was physically harmed and assaulted while an inmate in "jail" awaiting for another court date, Plaintiff did not go before a judge the time he supposed to have went.

2)      Failure To Provide Adequate Medical Care

Plaintiff states that defendants failed to provide proper medical care. Plaintiff was taken to the nurse's station in the "Jail". Defendants contacted the D.O.C. sergeant Perry Woods 1st shift supervisor that Plaintiff had been in a physical altercation with a County Inmate. Defendants transfered Plaintiff back to Kilby [D.O.C.] upon arrival at Kilby Plaintiff went to the medical unit at Kilby, where photos were taken of Plaintiff injury. Plaintiff was taken to Baptist South Medical Center, to recieve stitches inside and outside his mouth. Plaintiff did not recieved any medical care from the Jail or Nures medical staff.

The disregard of Plaintiff's injury is [was] unprofessional neglect of duty to provide proper medical care for an State [D.O.C.] Inmate housed in the care of Sheriff O.T. Marshall who's over the "Jail".

Plaintiff is entitled to emergency care and for care known in non-emergency situations as well. It constitute deliberate indifference the delay or denial of access to medical attention see Estelle v. Gamble 429 U.S. at 104; Fields v. City of South Houston Texas 922 F.2d 1183, 1192 N. 10 (5th Cir. 1991); Hewett v. Jarrard, 786 F.2d. 1080, 1083, 1087 (11th Cir. 1986); Ancata v. Prison Health Services In. 769 F.2d 700, 704-05 (11th Cir. 1985)

Plaintiff was denied proper medical care from the nurses and "Jail" for his injuries.

4

## Conclusion

The Montgomery County Detention Facility, officers and medical staff did violate Plaintiff's Constitutional Rights. First Montgomery County Detention Facility officers supervisor D.T. Marshall assigned Plaintiff in a cell with a hostile enviurment, without providing a safety jail, that left Plaintiff with a mental state of other inmate in the Montgomery County Jail, upon the altercation Plaintiff rights were violated when the medical staff refuse to provide proper medical care, then having Plaintiff transfered back to Kilby Correctional Facility.

Sheriff D.T. Marshall, Deputy Sheriff Derrick Cunningham, the Montgomery County Detention Facility Officers, and Montgomery County Medical staff clearly violated Plaintiff's Constitutional Rights.

When these defendants failed to provide a safety assault free jail and did not provide adequate medical care violated the Plaintiff's 8th and 14th Amendmets

5

## Relief Sought

Plaintiff seeks any and all relief available under the applicable law, to and including injunctive, punitive or any other relief in which the jury deems necessary to remedy the grossly wrong doing and constitutional violations.

Done this the 19th day of October 2006

Curley L. Brunner Jr.
3/24/07

Raydrekos Satcher
RAYDREKOS SATCHER
#185874    KCB-80
P.O. Box 150
Mt. Meigs, AL. 36057

## Certificate of Service

I hereby that the foregoing documents have been placed in the U.S. mail box at P.O. Box 150 Mt. Meigs, AL. 36057 and address to the Middle District of the United States.

Done this the 19 day of October 2006

Raydrekos Satcher
RAYDREKOS SATCHER,
#185874    KCB-80
P.O. Box 150
Mt. Meigs, AL. 36057

6