IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | |
|---|---|
| RAYDREKOS SATCHER, #185 874 | * |
| Plaintiff, | * |
| v. | *   2:06-CV-957-MEF |
| | (WO) |
| SHERIFF D.T. MARSHALL, *et al.*, | * |
| Defendants. | * |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This is a 42 U.S.C. § 1983 action in which Plaintiff, Raydrekos Satcher, ["Satcher"], complains that Defendants violated his constitutional rights by failing to protect him from an inmate assault and by denying him adequate medical care. Satcher seeks declaratory relief and monetary damages.

Upon review of the complaint, the court concludes that Satcher's claims against the Montgomery County Commission, the Montgomery County Medical Staff, and the Montgomery County Detention Facility should be dismissed prior to service of process in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B).[1]

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process, regardless of the payment of a filing fee, if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## I. DISCUSSION

*A. The Montgomery County Commission*

County commissioners cannot be held liable for actions undertaken during the daily operation of a county jail. *Turquitt v. Jefferson County, Alabama*, 137 F.3d 1285, 1289 (11th Cir. 1998). Moreover, county commissioners are entitled to absolute immunity under § 1983 for claims arising from the appropriation of funds for the maintenance of a county jail. *Woods v. Garner*, 132 F.3d 1417, 1420 (11th Cir. 1998) ("The budgetary decisions made by defendants for funding the county--including the jail--are legislative acts protected by legislative immunity."). Thus, Satcher's claims against the commissioners of Montgomery County are subject to summary dismissal upon application of the directives of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).

*B. The Montgomery County Detention Facility*

Satcher names the Montgomery County Detention Facility as a defendant in this cause of action. A county detention facility is not a legal entity subject to suit or liability under section 1983. *Cf. Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). In light of the foregoing, the court concludes that Satcher's complaint against the Montgomery County Detention Facility is due to be dismissed. *Id.*

*C. Montgomery County Medical Staff*

Satcher names as a defendant "Montgomery County Medical Staff." The Federal Rules of Civil Procedure do not provide for fictitious party practice as it is incompatible with federal procedure. *See* Rule 10(a) ("[i]n the complaint, the title of the action shall include

2

the names of all the parties . . ."); *New v. Sports and Recreation, Inc.*, 114 F.3d 1092, 1094 at n.1 (11th Cir. 1997) (fictitious party practice not permitted in federal court and plaintiff's failure to name parties required that court strike parties.).[2]

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's claims against the Montgomery County Commission, the Montgomery County Detention Facility, and Montgomery County Medical Staff be DISMISSED with prejudice prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B);

2. The Montgomery County Commission, the Montgomery County Detention Facility, and Montgomery County Medical Staff be DISMISSED as Defendants to this cause of action; and

3. This case, with respect to Plaintiff's claims against the remaining defendants, be referred back to the undersigned for appropriate proceedings.

It is further

ORDERED that on or before January 22, 2007 the parties may file objections to this Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised

---

[2] If, during the pendency of this action, Plaintiff ascertains the true names of "Montgomery County Medical Staff" who allegedly violated his constitutional rights, he may seek leave to amend his complaint within the time period allowed by the court in order to provide the true identities of the fictitious parties.

that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 9th day of January 2007.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE